# CIRCUIT COURT OF POWHATAN COUNTY

David J. Sowers

v.

Powhatan County
Board of Supervisors et al.

July 31, 2006

Case No. CH04-112

BY JUDGE THOMAS V. WARREN

After dismissing Plaintiff's Petition to Issue a Contempt Show Cause against the defendants, the case is now before the Court on defendants' Arthur L. Ganger's, Jeffrey R. Hemme's, Raylene Sherman's, and Joseph B. Walton's Motion requesting attorneys' fees under Va. Code § 8.01-271.1.

The underlying dispute involved the Board of Supervisors denying a rezoning request by Mr. Sowers. Sowers sued the County of Powhatan alleging among other things a violation of his constitutional rights. He immediately issued subpoenas duces tecum of computer records on these four citizens who had opposed his petition to rezone. While the case was in litigation, the Board of Supervisors reconsidered its earlier decision and rezoned Mr. Sowers' property as he had requested. Sowers then moved that the Court issue rules against defendants' Ganger, Hemme, Sherman, and Walton why they should not be held in criminal contempt under Va. Code § 18.2-456 for failure to abide by court orders. All of the defendants testified during two days of hearings held June 13, 2006, and June 19, 2006. The parties have briefed their positions, which have been considered.

Each defendant testified extensively in deposition and ore tenus regarding their activities in opposing Sowers rezoning request. They were a group of articulate, intelligent, and responsible property owners who organized themselves quite effectively in opposing Sowers rezoning request.

Their efforts were probably a factor in the county's original refusal to rezone as Sowers requested. The record reflects that they all spoke against Sowers' request at the public hearings. Sowers alleged in the show cause petition that the defendant's Sherman and Ganger testified falsely and that Hemme and Walton made statements "not accurate" and "contradicted by documents" respectively.

The defendant's trial testimony was believable and logical given their circumstances. The allegations that they behaved contemptuously by not complying with court orders or rules is not supported by the evidence. What is supported by the evidence and the record is that citizens opposing a zoning request find themselves in court and required to defend their actions at great expense of time, money, and emotional resources.

Sowers allegations against the defendants are not supported by the testimony or supporting documentation. They did not "withhold" anything. They did not "refuse" to do anything they were required to do, and they did, or said, nothing that was "false" or "untrue." The defendants have done only what citizens have every right to do. They, as interested citizens and residential property owners, simply requested that their government deny a request for rezoning.

The plaintiff's request for a show cause on civil and/or criminal contempt was not grounded in law or fact and, in my opinion, was brought for the purpose of punishing those who opposed him and cost him, in his counsel's words, "a lot of money." The Court awards attorneys' fees and costs as submitted.